PAUL S. AOKI                    1286
Acting Corporation Counsel

TRACY S. FUKUI                  7111
MITSUKO TAKAHASHI               9141
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone: (808) 768-5236 / (808) 768-5111
Facsimile:  (808) 768-5105
Email: tracy.fukui@honolulu.gov / mitsuko.takahashi@honolulu.gov

Attorneys for Defendants
JONATHAN FRYE, DYLAN SHATTO,
MARVIN PARENGIT, AND BARBARA DELAFORCE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IRIS SANCHEZ, individually, and as Successors in Interest to PEKELO SANCHEZ, deceased, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE CITY AND COUNTY OF HONOLULU, a municipal corporation; OFFICER JONATHAN FRYE; OFFICER DYLAN SHATTO; OFFICER MARVIN PARENGIT; OFFICER BARBARA DELAFORCE and DOES   1-10, Inclusive,<br><br>    Defendants. | CIVIL NO. CV19-00072 DKW/WRP<br><br>**DEFENDANTS JONATHAN FRYE, DYLAN SHATTO, MARVIN PARENGIT AND BARBARA DELAFORCE'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON AUGUST 6, 2019; DEMAND FOR TRIAL BY JURY; CERTIFICIATE OF SERVICE**<br><br><br>Trial Date: August 3, 2020. |

**DEFENDANTS JONATHAN FRYE, DYLAN SHATTO, MARVIN PARENGIT AND BARBARA DELAFORCE'S ANSWER TO <u>FIRST AMENDED COMPLAINT FILED ON AUGUST 6, 2019</u>**

By and through their attorneys, Acting Corporation Counsel Paul S. Aoki and Deputies Corporation Counsel Tracy S. Fukui and Mitsuko Takahashi, Defendants JONATHAN FRYE, incorrectly identified as "Jonathon Frye" ("***Officer Frye***"), DYLAN SHATTO ("***Officer Shatto***"), MARVIN PARENGIT ("***Officer Parengit***"), and BARBARA DELAFORCE ("***Officer Delaforce***") (collectively, the "***Officer Defendants***") hereby answer the First Amended Complaint filed on August 6, 2019 (ECF No. 32) ("***FAC***") by Plaintiff IRIS SANCHEZ ("***Iris***"), individually, and as Successors in Interest to PEKELO SANCHEZ ("***Pekelo***"), deceased, (collectively, the "***Plaintiff***"), as follows:

<u>FIRST DEFENSE</u>

The FAC fails to state a claim upon which relief can be granted against the Officer Defendants.

<u>SECOND DEFENSE</u>

1. With respect to paragraphs 1–2 of the FAC, the Officer Defendants admit that venue in Hawaiʻi is proper and that this Court has jurisdiction over claims based upon federal laws and may exercise supplemental jurisdiction over state claims that form part of the same case or controversy that gives rise to the federal claims. Nothing in the answer set forth in this paragraph should be

construed as an admission of any fact or factual allegations that support Plaintiff's assertion of jurisdiction or venue. To the extent that a further response is required, the Officer Defendants deny the remaining allegations.

2. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 3–4, 10–11, 19, 31–32, 41–42, 51–52, and 60 of the FAC and, on that basis, denies the same.

3. With respect to paragraph 5 of the FAC, the Officer Defendants admit that the City and County of Honolulu ("*City*") is a municipal corporation organized and existing pursuant to the laws of the State of Hawai'i. To the extent that this paragraph alleges municipal liability or otherwise suggests a link between any custom or policy of the City and the February 11, 2017 incident ("*Incident*") at issue in this case, the Officer Defendants deny the same and answer that the allegations have been dismissed against the City and the City is no longer a "Defendant" in this action because all claims against it have been dismissed pursuant to the Court's November 12, 2019 Order Granting in Part and Denying as Moot in Part Defendants' Motion to Dismiss (ECF No. 49). The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of any remaining allegation and, on that basis, deny them.

//

4. With respect to the allegations made in paragraphs 6–9 of the FAC, the Officer Defendants admit that each of the Defendant Officers was employed at the time of the Incident, and is currently employed, as a police officer with the Honolulu Police Department ("**HPD**") and that the FAC indicates that each is being sued in his or her individual capacity. The Officer Defendants also respond that the claims asserted against them in their *official* capacities have been dismissed pursuant to the Court's November 12, 2019 Order (ECF No. 49). The Officer Defendants deny the remaining allegations contained in these paragraphs.

5. With respect to the allegations made in paragraph 12 of the FAC, the Officer Defendants deny that they acted in bad faith and that their conduct violated substantive and/or procedural law. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

6. In response to paragraph 13 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–12 of the FAC, inclusive, as though fully set forth herein.

7. With respect to paragraph 14 of the FAC, the Officer Defendants admit that Pekelo died at 98-269 Ualo Street, Aiea, Hawaii 96701 on February 11, 2017. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, on that basis, deny

them.

8. With respect to the allegations in paragraphs 15–16 of the FAC, the Officer Defendants admit that a 911 caller complained about a vehicle parked in her stall with two persons sleeping inside and that the Defendant Officers proceeded to 98-269 Ualo Street to respond to that call. When Officer Frye arrived at 98-269 Ualo Street, the caller met Officer Frye and directed him to her parking stall. Officer Frye checked the license plate of the subject truck, a 2002 Blue Dodge Ram, looked through the passenger-side window, and it appeared that the two occupants sleeping. He then stepped away, apprised dispatch of his observations, was informed that the subject truck was reported stolen, and waited for other officers to arrive before attempting to wake the occupants. When Officer Parengit arrived, Officer Parengit met with Officer Frye, approached the vehicle himself, and Pekelo appeared to be sleeping therein. Upon Officer Shatto's arrival, Officer Shatto approached the passenger side of the vehicle, and Pekelo appeared to be sleeping. Upon Officer Delaforce's arrival, Officer Delaforce saw Officers Frye and Parengit on the driver's side of the vehicle, approached the passenger side of the vehicle, and witnessed Pekelo beginning to sit up. As to the remaining allegations, the Officer Defendants are without sufficient information or knowledge to form a belief as to their truth and, on that basis, deny the same.

//

9. The Officer Defendants deny the allegations in paragraphs 17, 27–30, 34–35, 37–40, 47–50, and 56–59 of the FAC.

10. With respect to the allegations in paragraph 18 of the FAC, the Officer Defendants admit that, while dressed in their police uniforms, they gave multiple verbal instructions to Pekelo and Chayla Belford ("*Chayla*") to open the door and that, after neither complied but began moving about the stolen vehicle, ordered them to show their hands. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, on that basis, deny said remaining allegations.

11. With respect to paragraphs 20–23 of the FAC, the Officer Defendants admit that Officers Parengit and Delaforce fired at Pekelo, but only *after* Pekelo made furtive movements in the car, causing the Officer Defendants to believe he may be armed and only after Pekelo endangered the safety of the themselves and others by: attempting to escape in a stolen vehicle by first turning the vehicle on; suddenly accelerating forward, jumping a curb with tires screeching and nearly striking one or more of the officers; suddenly reversing the vehicle at a high rate of speed while dragging Officers Frye and Parengit, who were both trapped by the open driver-door; striking a parked SUV while driving his vehicle in reverse thereby throwing Officer Parengit free; suddenly accelerating forward again at a high rate of speed with tires screeching, striking a light pole before crashing into

the living room of an apartment, all while continuing to drag Officer Frye who was still caught in the doorway of the vehicle; continuing to press the accelerator after striking the apartment, revving the engine with tires screeching, thereby causing the Officer Defendants to believe that Pekelo intended to continue his attempts to escape by reversing over one or more of them and continuing to place one or more of their lives in danger, including Officer Frye who was still trapped and disoriented after being dragged by Pekelo. The Officer Defendants deny the remaining allegations contained therein.

12. The Officer Defendants deny the allegations in paragraph 24 of the FAC and state that they had probable cause and a good faith basis to believe, based upon information relayed to them and/or personally observed, that Pekelo had committed the felonious crimes of: Unauthorized Control of a Propelled Vehicle; Unauthorized Entry into a Motor Vehicle in the First Degree; Assault Against a Police Officer; Attempted Murder; and Reckless Endangering in the First Degree.

13. With respect to paragraphs 25(A)–(G) and 62–82 of the FAC, the Officer Defendants respond that these paragraphs assert allegations against the City, pertaining to its purported municipal liability, that have been dismissed by the Court's November 12, 2019 Order (ECF No. 49). To the extent that a response is required, however, the Officer Defendants answer that they are without sufficient information or knowledge to form a belief as to the truth of these allegations and,

on that basis, deny them.

14. In response to paragraph 26 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–25 of the FAC, inclusive, as though fully set forth herein.

15. In response to paragraph 33 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–32 of the FAC, inclusive, as though fully set forth herein.

16. With respect to paragraph 36 of the FAC, the Officer Defendants admit that Pekelo died at the scene, but deny that Plaintiff is entitled to damages from the Officer Defendants. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

17. In response to paragraph 43 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–42 of the FAC, inclusive, as though fully set forth herein.

18. As to the allegations made in paragraphs 44–45 of the FAC, the Officer Defendants answer that the existence of a due process interest is for a court to decide and does not require a response. However, to the extent that a response is required, the Officer Defendants deny said allegations.

19. With respect to paragraph 46 of the FAC, the Officer Defendants

admit that Pekelo died at the scene, but deny that they deprived Plaintiff of any constitutional right. The Officer Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

20. In response to paragraph 53 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–52 of the FAC, inclusive, as though fully set forth herein.

21. With respect to the allegations in paragraph 54 of the FAC, the existence of a due process familial interest is for a court to decide and does not require a response. However, to the extent that a response is required, the Officer Defendants deny said allegations.

22. With respect to paragraph 55 of the FAC, the Officer Defendants admit that Pekelo died at the scene and deny all remaining allegations.

23. In response to paragraph 61 of the FAC, the Officer Defendants reallege and incorporate by reference their responses to paragraphs 1–60 of the FAC, inclusive, as though fully set forth herein.

24. Plaintiff's prayer for relief does not contain factual allegations that require a response. To the extent that one is required, however, the Officer Defendants deny said allegations.

25. The Officer Defendants deny each and every other allegation in the

FAC not already expressly admitted herein.

THIRD DEFENSE

The Officer Defendants assert the defense of qualified immunity.

FOURTH DEFENSE

The Officer Defendants assert the common law defense of conditional privilege, otherwise known as state qualified immunity.

FIFTH DEFENSE

The Officer Defendants assert the defense of probable cause to detain Pekelo.

SIXTH DEFENSE

The Officer Defendants acted lawfully and properly in the execution of their duties as authorized by the Hawaii Penal Code and Hawai'i Revised Statutes ("**HRS**") chapter 803.

SEVENTH DEFENSE

If Plaintiff sustained the injuries or damages alleged in the FAC, such injuries or damages were the result of Plaintiff's own negligence or misconduct.

EIGHTH DEFENSE

Plaintiff's claims are barred from recovery under HRS § 663-31.

NINTH DEFENSE

Pekelo's own negligent or criminal conduct was the sole proximate cause or

a greater contributing cause of his alleged injuries than any alleged wrongdoing on the part of the Officer Defendants. Accordingly, Plaintiff cannot recover against the Officer Defendants.

## TENTH DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, laches, estoppel, claim preclusion, and issue preclusion.

## ELEVENTH DEFENSE

Plaintiff lacks standing to bring the claims asserted in the FAC.

## TWELFTH DEFENSE

The Officer Defendants give notice that they may rely on the defense of unclean hands on the part of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations and HRS § 46-72.

## FOURTEENTH DEFENSE

The Officer Defendants give notice that they may rely upon the affirmative defense that Plaintiff failed to mitigate damages.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to an award of attorney's fees, costs of suit, and/or interest.

SIXTEENTH DEFENSE

The FAC does not give rise to an actionable claim for punitive damages.

SEVENTEENTH DEFENSE

The use of force was reasonable and justified under the law, in self-defense or in defense of others, to prevent Pekelo from committing, continuing, consummating, or fleeing from the commission of a crime and/or the degree of force was necessary and reasonable to compel Pekelo to submit to a lawful arrest or detention.

EIGHTEENTH DEFENSE

If Plaintiff sustained the injuries alleged in the FAC from the Officer Defendants' use of force, then those injuries were the proximate result of the Officer Defendants' lawful use of force.

NINETEENTH DEFENSE

If Plaintiff suffered emotional distress, such emotional distress was not proximately caused by any wrongdoing of the Officer Defendants.

TWENTIETH DEFENSE

Pekelo was not privileged to resist a lawful arrest or detention. If Plaintiff sustained injuries alleged in the FAC, those injuries were the proximate result of Pekelo's resistance to, or interference with, a lawful arrest or detention.

//

TWENTY-FIRST DEFENSE

Pekelo's criminal and dangerous conduct was the sole proximate cause or a greater contributing cause of his alleged injuries than any wrongdoing on the part of Defendant Officers and, accordingly, Plaintiff cannot recover against Defendant Officers.

TWENTY-SECOND DEFENSE

The Officer Defendants reserve all rights to assert any affirmative defense or rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend their Answer to allege any such defense and assert any other defense, claim, and counterclaim as discovery and the evidence may merit.

The Officer Defendants pray that:

1. The FAC be dismissed with prejudice;

2. The Officer Defendants be awarded their costs and attorneys' fees; and

3. This Court grant such other and further relief that it may deem just and equitable.

//


//

DATED: Honolulu, Hawaiʻi, November 14, 2019.

        PAUL S. AOKI
        Acting Corporation Counsel

By:  /s/ Mitsuko Takahashi
       TRACY S. FUKUI
       MITSUKO TAKAHASHI
       Deputies Corporation Counsel

       Attorneys for Defendants
       JONATHAN FRYE, DYLAN SHATTO,
       MARVIN PARENGIT, AND BARBARA
       DELAFORCE